IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02021-CMA-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

PIKES PEAK DIRECT MARKETING, INC.,d/b/a Chef's Catalog,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Discovery** [Docket No. 18; Filed July 25, 2012] (the "Motion").

    As a preliminary matter, the Court directs the Clerk's Office to change Plaintiff's address on the docket to the address included in the Motion [#18] and the Letter [#17]. Plaintiff is reminded that he must comply with D.C.COLO.LCivR 10.1M, which requires that he send the Court notice of any change of address within five days of such change.

    Regarding the request in the Motion, although Plaintiff proceeds in this matter *pro se*, he must comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

    The Motion does not make clear whether Plaintiff has made proper discovery requests to Defendant pursuant to Fed. R. Civ. P. 33, 34 and/or 36. As explained in detail during the scheduling conference held in this case on January 3, 2012, if Plaintiff seeks information or documents from Defendant, he must serve written interrogatories (Rule 33), written requests for production of documents (Rule 34) or written requests for admission (Rule 36) on Defendant's attorney. Defendant's attorney then has thirty (30) days (plus three (3) days for mailing) to send Defendant's responses and/or objections to the discovery requests to Plaintiff. If Plaintiff disagrees with Defendant's objections or believes that Defendant has failed to properly respond to his discovery requests, Plaintiff may file a motion requesting that the Court compel Defendant to respond to his discovery requests.

Pursuant to D.C.COLO.LCivR 37.1, if Plaintiff files any motion to compel responses to his discovery requests, he must include "the specific interrogatory, request, or response to which the motion is directed." Because it is not clear that Plaintiff has properly served written discovery requests on Defendant, and because if he did, Plaintiff did not attach copies of his discovery requests to the Motion,

IT IS HEREBY **ORDERED** that the Motion [#18] is **DENIED WITHOUT PREJUDICE**.

Dated: July 30, 2012